UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 5:07-136-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| | ) |
| KARL KLICKNER, | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant Karl Klickner's motion to withdraw his plea of guilty [Record No. 58]. The United States filed a response in opposition to Defendant's motion [Record No. 61]. The Court having heard oral arguments on the motion and being otherwise sufficiently advised, Defendant's motion to withdraw his plea will be denied.

## I.  Background

On September 6, 2007, a federal grand jury in the Eastern District of Kentucky returned an eleven-count indictment against Defendant. Counts 1-9 charged Defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count 10 charged Defendant with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Count 11 was a forfeiture count. On November 2, 2007, a superseding indictment was filed, adding a charge of attempt to distribute child pornography, in violation of 18 U.S.C. 2252(b)(1).

The trial in this matter was originally scheduled for February 12, 2008, but due to inclement weather was postponed until February 13, 2008. According to Defendant's counsel, at no time prior to the date of trial had Defendant indicated that he wished to enter a guilty plea in this matter. On the morning of trial, the United States provided Defendant's counsel with two brief written statements as Jencks Act material. After receiving the Jencks Act material, defense counsel met with Defendant to discuss the material and a possible guilty plea.

The parties agree that they reviewed the possible United States Sentencing Guideline (the "Guidelines" or "U.S.S.G.") range with the United States Probation Officer who was present for trial. The parties agreed on the base offense level and discussed possible enhancements, with the exception of the potential for a five-level enhancement under U.S.S.G. §2g2.2(b)(3)(C) for Defendant having shown the images of child pornography to a fifteen year old male. It is Defendant's position that a two-level enhancement pursuant to U.S.S.G. §2G2.2(b)(2) for possession of images involving children under the age of twelve was also not discussed with the Probation Officer. There was no agreement regarding the defendant's criminal history, however, the United States did agree to recommend a sentence at the low end of the Guideline range. Based upon these discussions, defense counsel advised Defendant that he was facing 15 to 20 years of imprisonment if convicted of the charges, as

2

opposed to 7 to 8 years if he entered a plea of guilty.

After being informed of the possible length of imprisonment, Defendant still desired to proceed with the trial. Prior to the jury pool entering the courtroom, however, Defendant requested permission to speak privately with his wife. The undersigned obliged Defendant's request. Upon returning from consulting with his wife, Defendant expressed his desire to enter a guilty plea. Defendant entered a plea of guilty to Count 4 of the indictment. The United States having no time to compose a written plea agreement, Assistant United States Attorney Hydee Hawkins orally discussed the terms of the plea agreement.

As is standard procedure, the United States Probation Office prepared a presentence investigation report. In the report, the Probation Officer included a five-level enhancement pursuant to §2G2.2(b)(3)(C) and a two-level enhancement pursuant to §2G2.2(b)(2). Defendant states that during his discussions with the Probation Officer and the Assistant United States Attorney on February 13, 2008, he was not made aware of the possibility of these enhancements.[1] The presence report calculated a

---

[1] Whether the Probation Officer or the Assistant United States Attorney specifically addressed the five-level enhancement is of no consequence. Defendant was presented with a written statement from the minor to whom Defendant showed the images, therefore, Defendant and his counsel were clearly aware of the possibility of such an enhancement. Additionally, at Defendant's sentencing hearing, the United States conceded that it would not be able to meet its burden of proof on the five-level enhancement and the Guideline range was modified to reflect the removal of

3

sentencing guideline range of over 20 years.  Defendant asserts that had he known he would be facing a sentence of 20 years upon entry of his plea of guilty, he would have chosen to proceed with the trial.  Defendant's sentencing hearing is scheduled for May 12, 2008.

## II.  Analysis

Defendant's sole argument for allowing the withdrawal of his plea is that the recommended Guideline range is much higher than he expected. Fed. R. Crim. P. 11(d) provides that a plea may be withdrawn after the court accepts the plea but before it imposes a sentence if the defendant "can show a fair and just reason for requesting the withdrawal."  The Sixth Circuit has set forth seven factors for courts to consider when determining whether a defendant has demonstrated a "fair and just reason" for withdrawing a plea:

   1)   the amount of time that elapsed between the plea and the motion to withdraw it;
   2)   the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;
   3)   whether the defendant has asserted or maintained his innocence;
   4)   the circumstances underlying the entry of the guilty plea;
   5)   the defendant's nature and background;
   6)   the degree to which the defendant has prior experience with the criminal justice system; and
   7)   potential prejudice to the government if the motion to withdraw is granted.

*United States v. Dixon,* 479 F.3d 431, 436 (6th Cir. 2007); *United States v. Lineback*, 330 F.3d 441, 443 (6th Cir. 2003).  The seven

---

the five-level enhancement.

factors "are a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). Defendant bears the burden of showing a "fair and just" reason that would entitle him to withdraw his guilty plea. *Dixon*, 479 F.3d at 436.

Upon considering the seven factors, the Court is of the opinion that Defendant has failed to show a fair and just reason why he should be allowed to withdraw his plea. While Defendant maintained his innocence until the moment of his guilty plea, this is the only factor weighing in favor of allowing Defendant to withdraw his plea. Over two months elapsed between the entry of the plea and the motion to withdraw it, and he was prompted to do so only upon the completion of his presentence report. Defendant's education includes a high school diploma and some vocational training. He was also enlisted in the United States Army for a period of time. Defendant has had extensive prior experience with the criminal justice system, including multiple felony and misdemeanor convictions. Each of these factors weigh against permitting Defendant to withdraw his guilty plea, but the Court is most persuaded by the circumstances surrounding the entry of the guilty plea.

Defendant's argument that he was misinformed of the potential Guideline range is nullified by the statements he made during the entry of his guilty plea. The Court informed Defendant that his

sentence would be determined using the Guidelines and that the Guidelines would take into consideration both the nature of the offense and Defendant's criminal history. Defendant stated that he understood the Guideline calculation. Tr. at 12-13. Most important, however, was when the Court informed Defendant that "if the sentence if more severe than you expected, you will still be bound by your plea and will have no right to withdraw it." Tr. 13-14. When asked if he understood that he would not have a right to withdraw his plea, Defendant replied, "Yes, Your Honor." Additionally, the Court informed Defendant that he faced up to twenty years imprisonment for the one count of the indictment to which he entered a plea of guilty. Tr. at 12. While a particular enhancement may not have been discussed when Defendant and his counsel met with the Probation Officer and the Assistant United States Attorney prior to the scheduled trial, the undersigned plainly informed Defendant that the maximum penalty for the charge to which Defendant plead guilty was twenty years.

### III.  Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendant's motion to withdraw his plea [Record No. 58] be, and the same hereby is, **DENIED**.

This the 14th day of May, 2008.



Signed By:

*Joseph M. Hood*

**Senior U.S. District Judge**

6